# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-00620-FDW

| | |
|---|---|
| SHAHID HASSAN MUSLIM, )<br>*also known as* SEAN WILLIAMS, )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>LAURA ANDERSON, )<br>)<br>    **Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff Shahid Hassan Muslim's pro se civil Complaint. (Doc. No. 1.) Also before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") (Doc. No. 2), which shall be granted.[1]

**I.    BACKGROUND**

Plaintiff, a prisoner in the custody of the Federal Bureau of Prisons, was convicted after a jury trial in this Court of ten felony offenses, including production of child pornography, kidnapping by force, sex trafficking of a minor, sex trafficking by force, fraud, or coercion, and witness tampering. See Judgment, United States v. Muslim, No. 3:13-cr-00307-RJC (W.D.N.C. filed May 18, 2016), Doc. No. 160. The Court imposed concurrent sentences in all counts, including three life sentences. Id. Judgment was entered on May 18, 2016. Id. Plaintiff has

---

[1] In his IFP Application, which he signed under penalty of perjury, Plaintiff denies receiving any income in the previous 12 months. (IFP App. 1-2, Doc. No. 2.) That denial is demonstrably untrue. Plaintiff's prison trust account statement shows that he has been employed at the prison since at least January 2017, and that he receives a monthly salary. (Trust Stmt. 1-3, Doc. No. 3.) Moreover, he received monetary gifts totaling more than $1,300.00 between October 9, 2016, and September 13, 2017. (Trust Stmt. 1-5.) Nevertheless, the Court shall grant the IFP Application because during the six months prior to filing his Complaint, Plaintiff's trust account did not contain sufficient funds to pay the filing fee in this action.

1

filed a direct appeal, which is pending in the Fourth Circuit Court of Appeals. Appeal Notice, id. at Doc. No. 162.

Plaintiff filed the instant action on October 9, 2017, see Houston v. Lack, 487 U.S. 266, 267 (1988), naming Laura Anderson, the court reporter in his federal criminal proceedings, as the only defendant. Plaintiff alleges that between June 4, 2015, and July 28, 2016, Defendant Anderson intentionally made prejudicial alterations to some of the transcripts in his criminal case, including removing or altering witness testimony, and removing or altering on-the-record statements made by the trial judge, the prosecuting attorneys, and Plaintiff's own attorney(s) that demonstrated individual or collective misconduct. Plaintiff contends that Defendant made these alterations in order to deny Plaintiff an accurate transcript with which to effect a meaningful appeal. (Compl. 7-12, Doc. No. 1.) Plaintiff alleges further that Defendant colluded with and acted at the behest of District Court Judge Robert J. Conrad and Assistant United States Attorney Kimlani Ford.

Plaintiff seeks punitive and compensatory damages against Defendant for infliction of "severe emotional damage," including "extreme stress, nausea, nightmares, insomnia, decreased appetite, aches, pains, fatigue, headaches, [and] frequent . . . thoughts of dread, apprehensiveness, and [suicide]." (Compl. 14, 16-18.) Plaintiff also seeks injunctive relief in the nature of: an order requiring Defendant to surrender her computer hard drive to an outside expert for recovery and transcription of deleted audio from Plaintiff's trial; a stay in all proceedings in which Plaintiff, Defendant, and District Judge Robert J. Conrad are involved, until this action is adjudicated; transfer of this action to another federal district; investigation by the Department of Justice; and an order prohibiting witness tampering and destruction of evidence related to this action. (Compl. 15-16.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff is a federal prisoner seeking equitable and monetary relief on the basis of an alleged constitutional violation perpetrated by a federal actor subsequent to Plaintiff's conviction. Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action seeks damages against a federal employee acting under the color of law for violations of a plaintiff's constitutional rights. Id.

As an initial matter, the Court lacks jurisdiction over Plaintiff's Complaint against Defendant in her official capacity (Compl. 8). A Bivens action cannot lie against a federal employee acting in her official capacity. See Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Bivens did not abolish the doctrine of sovereign immunity of the United States. Any remedy under Bivens is against federal officials individually, not the federal government.").

3

Plaintiff also sues Defendant in her individual capacity, however. (Compl. 8.)

According to the Complaint, at some point before he was sentenced (Compl. 12), Plaintiff filed a judicial complaint against trial Judge Robert Conrad, alleging "judicial bias, and that the judge purposely admitted 'other bad acts evidence' and testimony, and that Robert Conrad purposely admitted clearly inadmissable evidence, in order to insure the complainants [sic] conviction" (Compl. 8). Plaintiff claims Defendant covered up the misconduct alleged in the judicial complaint, as well as evidence of collusion between the judge, one of the prosecuting attorneys, and Plaintiff' own attorney to deprive Plaintiff of a fair trial, by altering the trial transcripts. (Compl. 8, 10-11.) Plaintiff contends Defendant acted "with the specific intent of denying the complainant his right to a meaningful appeal" (Compl. 7). (Compl. 8, 10-11.)

A criminal defendant "does not have a constitutional right to a totally accurate transcript of his criminal trial." Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993). "His constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." Id.

Plaintiff was convicted by a jury, which "acted on the basis of the evidence they saw and heard, rather than on the basis of the written transcript of the trial—which was, of course, non-existent until after the trial was completed." Id. Accordingly, a constitutional violation would occur "only if the inaccuracies in the transcript adversely affected appellate review." Id.; see also United States v. Brown, 202 F.3d 691, 696 (4th Cir. 2000) ("[O]missions from a trial transcript only warrant a new trial if 'the missing portion of the transcript specifically prejudices [a defendant's] appeal.'") (quoting United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985); United States v. Huggins, 191 F.3d 532, 536 (4th Cir. 1999))); Huggins, 191 F.2d at 537 ("[T]o obtain a new trial, . . . the defendant must show that the transcript errors specifically prejudiced

4

his ability to perfect an appeal."). If the alleged alterations in the transcripts are significant enough to prejudice Plaintiff's ability to perfect an appeal, he would be entitled to a new trial. See Huggins, 191 F.2d at 537.

It is well-settled under the principles announced by the Supreme Court in Heck v. Humphrey that a plaintiff cannot receive damages or equitable relief for an allegedly invalid conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486–87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); see also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck principles apply to both § 1983 and Bivens actions). Thus, the Court must consider whether a judgment in Plaintiff's favor would necessarily imply the invalidity of his convictions. If it would, then the Court must dismiss the Complaint unless Plaintiff can demonstrate that one or more of the convictions have already been set aside or vacated. Heck, 512 U.S. at 487.

A successful claim by Plaintiff that Defendant deliberately altered transcripts to cover up evidence of judicial bias, collusion to ensure a conviction, and the erroneous admission of prejudicial evidence necessarily implicates the validity of Plaintiff's convictions. Because Plaintiff has not demonstrated that his underlying convictions have been invalidated, Heck bars this portion of Plaintiff's Bivens action. Heck, 512 U.S. at 487.

Plaintiff also claims Defendant altered a portion of the trial transcript to cover up the judge's order requiring that U.S. Marshals transport Plaintiff to the courthouse for trial despite Plaintiff having suffered a medical emergency at the Mecklenburg County Jail. (Compl. 9.) Plaintiff does not provide any information about the nature of the medical emergency; he merely disputes statements in the transcript that jail medical staff cleared him to attend trial and that the judge was under the impression Plaintiff was malingering. (Compl. 9.)

The only constitutional violation attributed to Defendant anywhere in the Complaint is that her alleged alterations of the transcripts deprived Plaintiff of his right to perfect a meaningful appeal. (Compl. 7, 8, 12, 13, 17, 18.) As noted, Plaintiff's "constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." Tedford, 990 F.2d at 747. Consequently, for Plaintiff's claim to be viable under Bivens, the judge's order that Plaintiff be transported to the courthouse for trial must have created an appealable issue. Put another way, Defendant's alleged alterations to the transcript must have adversely affected Plaintiff's ability to argue on direct appeal that the judge's action was prejudicial.[2] See id.

If Plaintiff is successful in showing Defendant's actions had an adverse impact on his ability to demonstrate prejudice on appeal, then he will have impugned the continued vitality of his convictions. Therefore, Heck also bars this portion of his Bivens action. 512 U.S. at 487.

## IV. CONCLUSION

The claim(s) raised in the Complaint are barred by Heck. Accordingly, the Complaint shall be dismissed without prejudice for failure to raise a claim upon which relief may be granted. See § 1915(e)(2).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**; and

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice pursuant 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

---

[2] Although transported to the courthouse, Plaintiff was absent from the courtroom during some of the trial proceedings. (Compl. 10.) An audio/video connection was established between the courtroom and Plaintiff's holding cell at the courthouse. (Compl. 10.)

**SO ORDERED.**

Signed: December 19,

Frank D. Whitney
Chief United States District Judge