# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-00620-FDW

| | |
|---|---|
| SHAHID HASSAN MUSLIM,  ) | |
| *also known as* SEAN WILLIAMS,  ) | |
|  ) | |
| **Plaintiff,**  ) | |
|  ) | |
| vs.  ) | **ORDER** |
|  ) | |
| LAURA ANDERSON,  ) | |
|  ) | |
| **Defendant.**  ) | |

**THIS MATTER** is before the Court upon Plaintiff Shahid Hassan Muslim's Motion "to amend and submit further argument and documentation, supporting his motion for change of venue, and the urgent neccessity for immediate injunctive releif." (Doc. No. 8) (misspellings in original). For the reasons stated herein, the Motion shall be denied.

Plaintiff, a prisoner in the custody of the Federal Bureau of Prisons, was convicted after a jury trial in this Court of ten felony offenses, including production of child pornography, kidnapping by force, sex trafficking of a minor, sex trafficking by force, fraud, or coercion, and witness tampering. See Judgment, United States v. Muslim, No. 3:13-cr-00307-RJC (W.D.N.C. filed May 18, 2016), Doc. No. 160. The Court imposed concurrent sentences in all counts, including three life sentences. Id. Judgment was entered on May 18, 2016. Id. Plaintiff has filed a direct appeal, which currently is pending in the Fourth Circuit Court of Appeals. Appeal Notice, id. at Doc. No. 162.

On October 9, 2017, see Houston v. Lack, 487 U.S. 266, 267 (1988), Plaintiff filed a Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens Complaint" or "Bivens action"), naming Laura Anderson, the

1

court reporter in his federal criminal proceedings, as the sole defendant. Plaintiff alleged that Defendant Anderson intentionally made prejudicial alterations to some of the transcripts in his criminal case in order to deny Plaintiff an accurate transcript with which to effect a meaningful direct appeal. (Compl. 7-12, Doc. No. 1.) Among the relief sought was an order transferring this action to a district court outside the Western District of North Carolina. (Compl. 15.)

This Court conducted an initial review of the Bivens Complaint, see 28 U.S.C. § 1915, and concluded that it was barred under the well-settled principle that a plaintiff cannot receive damages or equitable relief for an allegedly invalid conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. (Doc. No. 6) (citing Heck v. Humphrey 512 U.S. 477, 486–87 (1994); Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck principles apply to both § 1983 and Bivens actions). By written Order entered on December 19, 2017, the Court dismissed the Complaint without prejudice pursuant 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. (Doc. No. 6.) Judgment was entered in the Bivens action on December 19, 2017. (Doc. No. 7.)

On December 29, 2017, Plaintiff filed the instant Motion to amend his Bivens Complaint. (Doc. No. 8.) Plaintiff also entered a notice of appeal. (Doc. No. 9.) On February 9, 2018, the Fourth Circuit Court of Appeals granted Plaintiff's motion to voluntarily dismiss his appeal. (Doc. No. 12-1.)

A district court may not grant a post-judgment motion to amend a complaint unless the judgment is vacated pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See Laber v. Harvey, 438 F.3d 404, 427–28 (4th Cir. 2006) (citing Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985) ("[O]nce judgment is entered the filing of an

2

amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."); Scott v. Schmidt, 773 F.2d 160, 163 (7th Cir.1985) (holding same); 6 Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1489; Murrow Furniture Galleries, Inc. v. Thomasville Furniture Indust., Inc., 889 F.2d 524, 526 n. 3 (4th Cir.1989) ("The Court denied their [Rule] 59(e) motion, thereby effectively denying their [Rule 15(a) ] motion as well."); DuBuit v. Harwell Enters., Inc., 540 F.2d 690, 692 (4th Cir. 1976) ("[T]he final order of the court disposed of all of the issues between these two plaintiffs and the defendants, and since no appeals were taken the judgment became a finality and terminated the case as to them. Under these circumstances, the case could only be reopened or the order revised under the provisions of Rule 59 or 60. . . .")). The judgment entered in this civil action has not been vacated, and because Plaintiff voluntarily dismissed his appeal, the judgment entered on December 19, 2017 (Doc. No. 9) was final and terminated this civil action, see DuBuit. 540 F.2d at 692.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion "to amend and submit further argument and documentation, supporting his motion for change of venue, and the urgent neccessity for immediate injunctive releif" (Doc. No. 8) is **DENIED**.

Signed: August 3, 2018

Frank D. Whitney
Chief United States District Judge